Case 3:15-cv-00252-MCR-CJK   Document 4   Filed 06/08/15   Page 1 of 4

Page 1 of 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL KAHANE, SR.,

    Plaintiff,

v.                                        Case No. 3:15cv252/MCR/CJK

L. PEACOCK, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of the complaint and plaintiff's litigation history, the court concludes this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of

his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Kahane v. Crosby, et al.*, No. 1:04cv20887-WMH (S.D. Fla. May 26, 2004) (civil rights complaint dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Kahane v. Hennigan*, No. 5:03cv145-MP (N.D. Fla. Oct. 14, 2003) (civil rights complaint dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Kahane v. Frasca, et al.*, No. 4:03cv52-SPM-AK (N.D. Fla. July 2, 2003) (civil rights complaint dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). The foregoing cases may be positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections' inmate number, DC# K59166.[1]

---

[1] Plaintiff has been identified as a three-striker in multiple cases. *See e.g.*, *Kahane v. St. Lucie Cnty. Jail*, Case No. 2:09cv14423-KMM (S.D. Fla. Aug. 31, 2010); *Kahane v. Armor Corr. Health Servs., Inc.*, No. 2:07cv14272-DLG (S.D. Fla. Oct. 31, 2007).

Case No. 3:15cv252/MCR/CJK

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff's complaint does not assert that he is under imminent danger of serious physical injury. Plaintiff alleges that he was denied access to a religious publication, denied a shower for 17 days, was the subject of anti-Semitic slurs, received two false disciplinary reports, had his outgoing mail held, and had his MP3 player stolen. (Doc. 1). Nothing in plaintiff's complaint suggests he qualifies for the "imminent danger" exception of § 1915(g). Because plaintiff did not pay the $400.00 filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.     That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv252/MCR/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv252/MCR/CJK